IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES DAVIS, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 06-1508 |
| | ) |
| v. | ) Judge David Cercone |
| | ) Magistrate Judge Caiazza |
| SUPT. HARRY E. WILSON, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I. **RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus filed by James Davis be dismissed and that a certificate of appealability be denied.

### II. **REPORT**

James Davis ("Davis" or "the Petitioner"), a state prisoner, has filed a federal habeas corpus petition challenging his April 3, 2002, conviction for Possession with Intent to Deliver, Possession of Drug Paraphernalia and Person Not to Possess a Firearm. He was sentenced on April 12, 2002, to an aggregate term of nine to eighteen years imprisonment. Davis appealed his sentence and the Pennsylvania Superior Court affirmed on April 24, 2003. Davis did not immediately appeal to the Supreme Court of Pennsylvania, but instead filed a Post Conviction Relief Act[1]

---

1. 42 Pa. Cons. Stat. Ann. § 9541, *et seq.*

petition asserting that he should be permitted to seek such review nunc pro tunc. Davis was ultimately granted the relief he sought, and the Pennsylvania Supreme Court denied his Petition for Allowance of Appeal on September 29, 2006.

Davis raises the following claims, each of which was presented to the state courts during his direct appeal: (1) the evidence was not sufficient to support a finding of guilt; (2) the cocaine pipe and handgun should have been suppressed at trial; (3) there was no probable cause for arrest; and (4) the sentence was excessive.

## A. **Exhaustion and Procedural Default**.

Davis' claims have been litigated through the state courts in the context of his direct appeal, which was only completed in late 2006 after the state courts reinstated Davis' right to file a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania. Hence, there is no procedural bar to review of his claims, and they will be addressed on their merits.

## B. **Relevant Facts**.

On November 8, 2001, John T. Lewis, Chief of Police of Masontown, Pennsylvania was involved in a high-speed chase in which the Smithfield Police also participated. Chief Lewis was informed that the Smithfield Police wanted to speak with Davis. He encountered the Petitioner at a bar, and Lewis, who knew Davis, told him that the Smithfield Police wanted to speak with

him. Davis reached into his pocket, Chief Lewis grabbed his arm, and two baggies of crack cocaine and a pipe fell out. Chief Lewis reached into the Petitioner's pocket and found a loaded handgun. (Doc. 19, Ex. 12, p. 14).

C. **Analysis**.

A federal court may not issue the writ unless it concludes that the state court's adjudication resulted in a decision that was "contrary to" or an "unreasonable application of" clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 411 (2000)("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.").

1. Sufficiency of the Evidence.

Where a habeas petitioner challenges his incarceration on the ground that the evidence was insufficient to support a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Under this standard, "a federal habeas corpus court faced with a record of historical facts that
3

supports conflicting inferences must presume - even if it does not affirmatively appear in the record- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson, 443 U.S. at 326. Accord Moore v. Deputy Commissioner(s) of SCI-Huntington, 946 F.2d 236, 243 (3d Cir. 1991), cert. denied, 503 U.S. 949 (1992). A federal court must apply this standard "'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" Orban v. Vaughn, 123 F.3d 727, 731 (3d Cir. 1997)(quoting Jackson, 443 U.S. at 324 n.16). The finder of fact, however, weighs the evidence and the federal courts must defer to its resolution of conflicts in the evidence. Jackson, 443 U.S. at 326.

The test for sufficiency of evidence is the same under both Pennsylvania and federal law. See Evans v. Court of Common Pleas, Delaware County, 959 F.2d 1227, 1233 (3d Cir. 1992), cert. denied, 506 U.S. 1089 (1993); Commonwealth v. Bricker, 525 Pa. 362, 581 A.2d 147 (1990) (an appellate court must determine whether the evidence, and all reasonable inferences deducible therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offenses charged). The Pennsylvania Superior Court applied this standard in addressing each of the Petitioner's challenges to the sufficiency of the evidence (Doc.

4

19, Ex. 12, pp. 4-11). Chief Lewis' testimony in this case was clearly sufficient to establish the elements of the offenses charged, since, in essence, Davis was charged with possessing the drugs and paraphernalia that dropped from his pocket as well as the handgun found on his person. For the reasons set out by the Superior Court, the elements of the offenses charged were satisfied under state law. Hence, the state court's ruling in this respect is not an unreasonable application of federal law and habeas relief is not appropriate.

2. The Suppression Claims.

In his second and third claims, the Petitioner contends that the police did not have probable cause to arrest him, and that the gun and pipe taken from his pocket should have been suppressed. Pursuant to Stone v. Powell, 428 U.S. 465 (1976), the claim fails to state a proper ground for federal habeas corpus relief.

In Stone, the United States Supreme Court held that "where the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone, 428 U.S. at 494; see also Wright v. West, 505 U.S. 277, 293 (1992) ("We have also held ... that claims under Mapp [evidence obtained in violation of the Fourth

5

Amendment] are not cognizable on habeas as long as the courts have provided a full and fair opportunity to litigate them at trial or on direct review."). A petitioner has had a full and fair opportunity to litigate his Fourth Amendment claim if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure. See U.S. ex rel. Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir.1978); Petillo v. New Jersey, 562 F.2d 903, 906-07 (3d Cir.1977). Conversely, a petitioner has not had a full and fair opportunity to litigate a Fourth Amendment claim if a structural defect in the state system prevented his claim from being heard. Marshall v. Hendricks, 307 F.3d 36, 82 (3d Cir.2002).

Here, Davis filed a pre-trial motion in the Court of Common Pleas of Fayette County seeking to suppress the items seized from him by the police. An evidentiary hearing was held, and the trial court denied his motion. Therefore, Davis had a full and fair opportunity to litigate his Fourth Amendment claim in the state courts. His arguments that the state courts "got it wrong" are not availing. Whether or not a state court incorrectly decided a petitioner's Fourth Amendment claim is immaterial to the full and fair opportunity analysis. Marshall, 307 F.3d at 82; Gilmore v. Marks, 799 F.2d 51, 56 (3d Cir.1986), cert. denied, 479 U.S. 1041 (1987). Accordingly, Davis' second and third claims fail to overcome the Stone bar.

3. <u>The Excessive Sentence</u>.

Unless a habeas petitioner asserts that a state sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment, or that it is arbitrary or otherwise in violation of due process, the legality of a sentence is a question of state law. <u>See</u> <u>Chapman v. United States</u>, 500 U.S. 453, 465 (1991); <u>Gryger v. Burke</u>, 334 U.S. 728, 731 (1948); <u>Jones v. Superintendent of Rahway State Prison</u>, 725 F.2d 40, 42-43 (3d Cir.1984). This claim lacks merit.

C. **Certificate of Appealability**

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). Because Davis has not satisfied his burden, a certificate of appealability should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, objections to this Report and Recommendation are due on or before December 19, 2007. Failure to timely file objections may constitute a waiver of any appellate rights.

> s/Francis X. Caiazza
> Francis X. Caiazza
> United States Magistrate Judge

Dated: December 3, 2007

7

cc:
JAMES DAVIS
FF-0185
SCI Fayette
Box 999
LaBelle, PA 15450-0999